TWO HUNDRED AND FIVE BOXES OF SUGAR (WILKIE v.). See Case No. 17,-662.

---

## Case No. 14,294.

### TWO HUNDRED AND NINETY BARRELS OF OIL.

[1 Spr. 475.] [1]

District Court, D. Massachusetts. April, 1859.

#### COSTS—ADMIRALTY—FINAL DECREES.

Where six libellants joined in one libel, and severally had decrees for their respective shares in a whaling voyage, from four of which appeals were taken, and from the other two no appeal lay: *Held*, that the two libellants who had obtained final decrees should recover all the costs which they had advanced, or for which they were liable.

[Cited in The Antelope, Case No. 484.]
[Cited in Story v. Russel, 157 Mass. 156.]

In admiralty.

C. G. Thomas, for libellants.
H. A. Scudder, for claimant.

SPRAGUE, District Judge. These libellants, six in number, sued for their share, as seamen, in a whaling voyage. The libel was first promoted by two, and the others subsequently joined by petition. After a full hearing, a decree was entered in favor of each of the libellants. Two of these decrees, viz., those in favor of Miller and Griffin respectively, were final in this court. From the other four appeals have been taken and allowed. The proctor now claims to tax the whole costs in the two cases which have not been appealed. This is resisted by the proctor for the claimants, who contends that the whole costs should be apportioned among the several libellants. In considering the question which has been raised, it is to be remembered that although these libellants are united in one libel, yet their claims are not joint, but several and independent, and a separate decree is entered for each; and although the aggregate of such decrees far exceeds the amount required by law to authorize

[1] [Reported by F E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

an appeal, yet no appeal is allowed, except where the separate decree, exclusive of costs, exceeds $50. By statute, and also by the maritime law, seamen are permitted to unite in one suit for their wages, although their contracts are several, and the right of each distinct from that of all others. And the claim of each must be tried, in most respects, in the same manner as if he were prosecuting a separate suit. Where seamen have so joined, if any of the taxable costs have been incurred for the exclusive benefit of any one or more of the libellants, they are to be taxed in the case or cases of the person for whose exclusive benefit they were incurred. But the costs which have been incurred for the maintainance of all the claims, and which were necessary for the vindication of the rights of each and every of the libellants, are to be awarded to those who have actually paid such costs, or have given security therefor. Thus if one of the libellants had, in the prosecution of his own claim, necessarily incurred expenses in taking depositions, he could not be deprived of his taxable costs therefor, merely because the same depositions enured to the benefit of other libellants. Or if, instead of himself advancing the money, he had given security to his agent or proctor, who thereupon had made the necessary payments, he would be entitled to have such costs awarded to him. The present case does not indeed come within this category, but stands, I think, upon the same principle. It appears that the proctor has himself paid for taking depositions, and incurred other expenses for his clients, and he holds each and all of the libellants responsible for all the expenses incurred to maintain his claim. Having recovered final judgment in favor of two of the libellants, and being authorized to receive payment, he will have the fruits of that judgment in his hands, and may indemnify himself therefrom, for all the advances which he has made in prosecuting the suit in favor of those two libellants, and it is but just that they should be reimbursed the costs which they shall thus have actually paid. This will be no injustice to the claimant. It is by his own breach of contract and violation of duty, that these two libellants have been compelled to institute a suit, and incur these expenses. Indeed, the taxable costs will not indemnify them for the outlay which they will be compelled to make. If the claimant shall not prevail in the appellate court, it will in the end make no difference to him, in which of the decrees for the several libellants these costs shall be awarded. If he shall prevail in the appellate court, then, indeed, he may not be called upon to pay costs which the appellants have incurred, but then there will be no sufficient reason why Miller and Griffin, who have a final decree in this court, should not recover the costs to which they shall have been actually subjected by the refusal of the claimant to pay their just demands.

Costs were taxed accordingly.